NO. 07-02-0163-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 24, 2002

_____

DARRICK WAYNE CARTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 248TH DISTRICT COURT OF HARRIS COUNTY;

NO. 899462; HONORABLE JON HUGHES, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

Upon a plea of guilty, appellant Darrick Wayne Carter was convicted of possession of a controlled substance, namely cocaine and, in accordance with a plea bargain, sentenced to three years confinement in the Institutional Division of the Department of Criminal Justice. Appellant then filed a pro se notice of appeal.

We have received the clerk's record in this matter and a notification that there is no reporter's record. However, nothing further has been done to prosecute the appeal. On June 5, 2002, we notified appellant that his brief was due on May 13, 2002, and that we had received neither a brief nor a motion for extension of time to file one. We directed appellant to file a response to the notice by June 17, 2002, or the appeal would be abated to the trial court. We have received no response to that letter.

We must therefore abate this appeal and remand to the 248th District Court of Harris County for a hearing as provided for in Texas Rule of Appellate Procedure 38.8(b). Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine:

1. Whether appellant has abandoned his appeal.

2. If appellant has not abandoned his appeal, the trial court shall determine if appellant is indigent and if the appointment of an attorney is necessary.

3. If it be determined that an attorney should be appointed, the name, address, and State Bar of Texas identification number of the attorney appointed.

4. If appellant is not indigent, whether he has failed to make the necessary arrangements for prosecuting his appeal, and if he has not done so, what orders are necessary to ensure those arrangements are made.

5. If any other orders are necessary to ensure the diligent and proper pursuit of appellant's appeal.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental

2

reporter's record.  Those supplemental records shall be submitted to the clerk of this court no later than July 24, 2002.

It is so ordered.

Per Curiam

Do not publish.